# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:09cv056

| | |
|---|---|
| PAUL DYER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>**Commissioner of Social Security,** )<br>)<br>Defendant. )<br>_____) | **ORDER OF REMAND** |

**THIS MATTER** is before the Court on the parties' Assented to Motion for Reversal and Remand pursuant to Sentence Four of 42 U.S.C. §405(g) [Doc. 5].

Sentence four of 42 U.S.C. §405(g) provides in pertinent part, "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The parties have moved for reversal of the decision of the Defendant and remand for further administrative proceedings.

Specifically, the parties ask that the Appeals Council (1) issue a decision awarding benefits to Plaintiff as of the date he attained the age of fifty-five (55), and (2) remand the case to an Administrative Law Judge ("ALJ") for a new hearing to adjudicate the period between June 10, 2004, the alleged onset date of disability, up to the date Plaintiff attained the age of fifty-five (55).

Based on the representations of the parties, the Court finds that reversal and remand are appropriate. Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

**IT IS, THEREFORE, ORDERED** that the parties' Consent Motion for Reversal and Remand pursuant to Sentence Four of 42 U.S.C. §405(g) [Doc. 11] is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is hereby **REVERSED** and the case is **REMANDED**; and

**IT IS FURTHER ORDERED** that upon remand, the Appeals Council (1) issue a decision awarding benefits to Plaintiff as of the date he attained the age of fifty-five (55), and (2) remand the case to an Administrative Law Judge ("ALJ") for a new hearing to adjudicate the period between June 10, 2004, the alleged onset date of disability, up to the date Plaintiff attained the age of fifty-five (55).

A Judgment of Remand is entered simultaneously herewith. The Clerk of Court is notified that this is a final judgment closing the case.

Signed: March 10, 2010

Martin Reidinger
United States District Judge