IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:09-cv-056

| | |
|---|---|
| PAUL THOMAS DYER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>)<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorneys' Fees Under the Equal Access to Justice Act. [Doc. 9].

I.  **PROCEDURAL HISTORY**

The Plaintiff Paul Thomas Dyer initiated this action on December 22, 2009, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. On March 10, 2010, the Court entered an Order remanding the matter to the agency under Sentence Four of 42 U..S.C. 405(g).[Doc. 7].

The Plaintiff now moves pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") for a total award of $1479.81, $1129.81 of that total being an attorney fee and $350 being a filing fee. [Doc. 9]. The Plaintiff further requests that the Court allow him 30 days after being served with notice of an award of past-due benefits to file for fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). [Doc. 9]. Plaintiff also moves for leave to add an affidavit of time spent on any response to any opposition posed by Defendant. [Doc. 9]. In response, the Government states that it will not oppose the amount of $1129.81 for attorneys' fees being awarded payable to the Plaintiff, in full and final settlement of any and all claims filed by the Plaintiff pursuant to the EAJA. [Doc. 11]. The Government also states that it will not opposed an award of $350.00 costs, provided such costs are not charged against the Commissioner but are certified by the Office of the United States Attorney to the Department of Treasury for payment from the Judgment Fund. [Doc. 11].

## II. ANALYSIS

Under the EAJA, the Court must award attorneys' fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that

2

"special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner does not contest the Plaintiff's request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorneys' fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorneys' fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. Under the EAJA, an award of attorneys' fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). In the present case, the Plaintiff seeks an award of $1129.81 in attorneys' fees. In support of this request, the Plaintiff submits documents showing the Consumer Price Index for March 1996 and April 2010, respectively, as well as affidavits of counsel and billing records detailing the hours claimed by counsel and paralegals in preparing this case. Attorneys Bowling and Martin spent 5.35 hours (2.75 and 2.6 hours, respectively) and paralegals spent 3 hours on this matter. [Docs. 10-3 and 10-4].

The Consumer Price Index data published by the Bureau of Labor Statistics reflects that the cost of living increased from 155.7 in March 1996, the date that the statutory rate of $125 per hour was established, to 217.63 in March 2010, the date of the Court's Judgment remanding this case, an increase of 39.78%. The Court finds that this increase in the cost of living justifies a corresponding increase in the hourly rate in this case. The Court

4

further finds that this higher hourly rate is consistent with the prevailing market rates for services charged by lawyers of similar talents and experience in this District. Accordingly, the Court concludes that the Plaintiff is entitled to an award of attorney's fees based upon an hourly rate of $174.73.

In arguing that his fee request calculates to an hourly rate below that inflation-adjusted $174.73 [Doc. 10 at 3], it appears that Plaintiff values paralegal hours at the same rate as attorney hours. The total 8.35 attorney and paralegal hours divides into the claimed $1129.81 at $135 per hour, but the 5.35 attorney hours alone calculate to $211.18 per hour, exceeding the inflation-adjusted rate. The Court cannot allow a rate of $211.18 per hour under the EAJA, and has not treated paralegal time as equivalent in value to attorney time for EAJA purposes. Instead, it has followed the rule that hourly rates for paralegal work be in keeping with "prevailing market rates" for paralegals in this District. See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 128 S.Ct. 2007, 2012, 170 L.Ed.2d 960 (2008). In this District, paralegal services, long compensated at a rate of $65.00 per hour, were recently reviewed and the Court concludes that a rate of $70.00 per hour was reasonable. It is that rate at which the three (3) paralegal hours will be awarded.

Furthermore, upon careful review of counsel's time sheets and affidavits, the Court finds that the number of hours claimed by attorney Bowling is reasonable, and the time denominated as paralegal hours is reasonable.

We now turn to the question of which charges are payable at the hourly rate for attorneys. In this matter, only one attorney has appeared as counsel of record for Plaintiff, namely, Russell Bowling. Mr. Bowling is admitted to and is in good standing with this Court. Mr. Bowling has included in his motion a claim for services of another attorney, Charles L. Martin. Mr. Martin has not appeared as counsel of record in this case. More importantly, he is not admitted in this District or licensed to practice law in this state, and has not sought or been allowed *pro hac vice* admission in this matter. The case having been filed in 2009, ample time for attending to these important matters has passed.

Review of Mr. Martin's affidavit [Doc. 10-4] reveals that his participation in this case was the same in form and substance as his participation was, up to the same procedural stage, in McDonald v. Astrue, 2:09cv027, another of attorney Bowling's cases before this Court. Mr. Martin did not obtain pro hac vice admission here, and cannot claim to have been serving merely as a brief-writer here since no brief was submitted by

Plaintiff.  Therefore, the Court will treat Mr. Martin's claimed hours as paralegal hours, based on the same rationale expressed in McDonald.[1] Based upon a reasonable hourly rate of $174.73 per hour for 2.75 attorney hours expended and the reasonable hourly rate of $70.00 per hour for 5.6 (comprised of the three discussed above, and the 2.6 by Mr. Martin) paralegal hours expended, the Court concludes that a total fee award of $872.51 is justified.

Finally, the parties request that the fee award be paid directly to Plaintiff's attorney.  In support of this request, the Plaintiff submits an executed assignment purporting to assign any and all EAJA fees to which he is entitled to his attorneys.  [Doc. 14-2].  The Court notes that the parties' request was made in May 2010, and reflects payment practices then common in the District.

As is also explained in the McDonald EAJA order referenced above, the Court cannot order payment to Mr. Bowling due to the ruling of the U.S. Supreme Court in Astrue v. Ratliff, 560 S.Ct.—, 2010 WL 2346547 (June 14, 2010).  The Court clarified that the "prevailing party" entitled to benefits under the EAJA is the claimant, not his attorney.  Ratliff at *4-7.  While the

---

[1]That rationale was also followed with the same result as to characterization of the hours claimed by Mr. Martin, in an order on the 406(b) fee claim in another of attorney Bowling's cases, Hayes v. Astrue.  2:08-cv-017

7

result that Plaintiff seeks here was granted in the McDonald case, the parties entered into an agreement in that case which satisfied the concerns raised by the Supreme Court. No such agreement is present here.

Based on the record before it, the Court must deny the request to award EAJA fees directly to Plaintiff's counsel, without prejudice to the parties' opportunity to make supplemental motion(s) that harmonize their request to honor Plaintiff's assignment with the ruling in Ratliff.

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 9] is hereby **GRANTED in part and DENIED in part**, and:

(1) The Plaintiff is hereby awarded $872.51 in attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

(2) The Plaintiff is further awarded $350.00 in costs, to be certified by the Office of the United States Attorney to the Department of Treasury for payment from the Judgment Fund.

(3) Defendant shall inform Plaintiff's counsel whether Plaintiff does owe a debt to the government by which this fee award may be offset no later than 45 days from the entry of this Order.

And Plaintiff's Motion is **DENIED IN PART** as follows:

(1)  Payment of the sums approved must be made directly to Plaintiff and not to his counsel, without prejudice to the parties' right, within 20 days of the entry of this Order, to submit supplemental motions on the issue of honoring valid assignments after Ratliff for the Court's consideration.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an affidavit in response to any opposition to this motion by Defendant is **DISMISSED** as moot, since Defendant does not oppose his motion.

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have thirty (30) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: December 22, 2010

Martin Reidinger
United States District Judge