IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:09cv056

| | |
|---|---|
| PAUL THOMAS DYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Supplemental Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 14], and the Defendant's Response [Doc. 15] thereto.

These Motions stem from the Court's Memorandum of Decision and Order entered December 22, 2010. [Doc. 12]. This Order granted in part and denied in part Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 9], without prejudice to the parties' right to file such supplemental motions as are before the Court today.

The motions are received as timely Motions for Relief from said Order pursuant to Rule 60(b).

Review of the Plaintiff's submissions indicates that he has filed an Assignment of Attorney Fees executed on December 23, 2010. [Doc. 14-1].

Review of the Defendant's submissions indicates that he is unopposed to the Plaintiff's Supplemental Motion for fees, and that he "will determine within 45 days of [the December 22 order] whether Plaintiff owes a debt to the United States and will so inform Plaintiff's counsel. If there is a debt, the debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that the Plaintiff does not owe a federal debt, the government will exercise its discretion and honor the assignment of EAJA fees, and pay the awarded fees directly to Plaintiff's counsel." [Doc. 15].

These submissions satisfy the concerns discussed in that portion of the December 22, 2010 Order which denies Plaintiff's fee request to the extent it seeks issuance of payment direct to Plaintiff's counsel.

For good cause shown, it is therefore **ORDERED:**

1. That the Mandate of this Court's December 22, 2010 Order is **VACATED**.

2. That for the reasons set out in its Order of December 22, 2010, the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 9] is hereby **GRANTED,** and:

    (a) The Plaintiff is hereby awarded $872.51 in attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

    (b) The Plaintiff is further awarded $350.00 in costs, to be certified by the Office of the United States Attorney to the Department of Treasury for payment from the Judgment Fund.

    (C) Defendant shall inform Plaintiff's counsel whether Plaintiff does owe a debt to the government by which this fee award may be offset no later than 45 days from the entry of this Order.

(3) Plaintiff's Motion Supplemental Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 14], and the Defendant's Response [Doc. 15] thereto are **GRANTED**, and

payment of the sums awarded may be made directly to Plaintiff's counsel.

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have thirty (30) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: January 27, 2011

Martin Reidinger
United States District Judge